## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RAYMOND CADIZ,**

     **Plaintiff,**

**vs.**                       **CASE NO.:**

**VOLKSWAGEN GROUP OF
AMERICA, INC.; AND
VOLKSWAGEN
AKTIENGESELLSCHAFT,**

     **Defendants.**

_____/

## DEFENDANT, VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF REMOVAL

Defendant, Volkswagen Group of America, Inc. (hereafter "VWGoA"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of all defenses, gives notice that this case is hereby removed from the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 2023-CA-002069 to the United States District Court, Middle District of Florida, Tampa Division. In support of its Notice of Removal, VWGoA states and shows the Court the following:

## I.    THE REMOVED CASE

1.    Plaintiff, Raymond Cadiz ("Plaintiff"), commenced this civil action by filing a Complaint on March 8, 2023, in the Thirteenth Judicial Circuit in and for

Hillsborough County, Florida, captioned as *Raymond Cadiz v. Volkswagen Group of America, Inc. and Volkswagen Aktiengesellschaft*, Case No. 2023-CA-002069. [1]

2.     The case arises out of an incident that occurred on July 21, 2021, at Love's Tire & Service Center in Valrico, Florida. *See* Compl. ¶ 7.  According to the Complaint, Plaintiff was working as a mechanic at Love's when the incident occurred, and he sustained various injuries. *See* Compl. ¶¶ 7, 9, 14, and 15.

3.     Plaintiff claims a radiator coolant expansion tank in a 2012 Volkswagen GTI, VIN WVWED7AJ7CW147881 ("the subject vehicle") exploded after he opened the hood of the vehicle to inspect "a faulty light."  *See* Compl. ¶ 9.

4.     The Complaint alleges causes of action against VWGoA based in negligence and strict liability for an allegedly dangerous and defective condition of the subject vehicle. The Complaint also alleges the same cause of actions against Co-Defendant Volkswagen Aktiengesellschaft (hereafter "Volkswagen AG").

5.     Upon information and belief, Volkswagen AG has yet to be properly served in this action. As such, Volkswagen AG's consent is not required to remove this action.[2]

---

[1] As of this Notice of Removal, VWGoA has not answered the Plaintiff's Complaint but intends to do so in accordance with Rule 81(c)(2)(c), Fed.R.Civ.P.

[2] While the removal statutes create a "rule of unanimity," 28 U.S.C.S § 1446(b)(2)(A) states that "all defendants who have been properly joined and served must join in or consent to the removal of the action." (emphasis added.) In *Bailey v. Janssen Pharmaceutica*, Inc., 536 F.3d 1202, 1208

6.    Pursuant to 28 U.S.C. § 1446 and Local Rule 1.06(b), VWGoA attaches to this Notice of Removal a legible copy of the state court docket and of all process, pleadings, motions, and other papers or exhibits, presently on file in the state court. *See* **Composite Exhibit "A"** attached hereto.

## II.    REMOVAL IS PROPER IN THIS CASE

### A. Removal is Timely

7.    The Complaint in this action was served on VWGoA on April 28, 2023, and constituted VWGoA's first notice of this matter. Thus, this Notice of Removal is timely filed within 30 days of service of the Complaint under 28 U.S.C.S. § 1446(b).

### B. Venue is Proper

8.    Venue is proper in the Tampa Division of this Court pursuant to 28 U.S.C. § 1441(a), because this Court "embrac[es] the place where [this] action is pending," *i.e.:* the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. *See Hollis v. Fla. State Univ.*, 259 F.3d 1295 (11th Cir. 2001) ("a properly removed action necessarily fixes venue in the district where the state court action

---

(11th Cir. 2008), the Eleventh Circuit held that a "defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial procedure." Citing *Bailey*, the Eleventh Circuit has also stated that "[t]he requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011).

was pending").

## C. The Amount in Controversy Exceeds $75,000.00

9.      On its face, Plaintiff's Complaint asserts that the amount in controversy exceeds the jurisdictional threshold of a state circuit court in Florida ($30,000.00). *See* Compl. ¶ 1. But a closer review of the damages Plaintiff seeks recovery for in the Complaint, as well as the representations of Plaintiff's counsel in other state court papers, establish that the amount in controversy exceeds the minimum limit for federal diversity jurisdiction.

10.      Plaintiff's Complaint alleges that the radiator coolant expansion tank's sudden explosion spread "scalding engine coolant fluid onto [Plaintiff]." *See* Compl. ¶ 9.    Plaintiff alleges this fluid caused burns and injuries "in and about his neck, chest, shoulders, arms, hands, torso, and body;" [and he suffered] injury to his central and peripheral nervous system and other injuries not yet diagnosed, suffered physical and mental pain therefrom; all of which injuries are either permanent or continuing in their nature." *See* Compl. ¶ 15. A reasonable interpretation of Plaintiff's allegations of serious personal injuries demonstrates that he seeks damages in excess of $75,000.00.

11.      In addition to the factual allegations, Plaintiff completed a Form 1.997 Civil Cover Sheet in state court. (***See* Exhibit "B" attached hereto**). Question II of

that form instructs Plaintiff to indicate "the estimated amount of the claim, rounded

to the nearest dollar." Plaintiff was presented six categories for the amount of his

claim, ranging from $8,000 or less, $8,001 to $30,000, $30,001 to $50,000, $50,001

to $75,000, $75,001 to $100,000, and "over $100,000.00". Presented with these

category options, Plaintiff selected and checked the box "over $100,000.00." The

question and Plaintiff's selected answer from Exhibit "B" are embedded here:[3]

---

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

12.    In selecting the highest possible category for the amount of the actual

damages "over $100,000.00," coupled with the allegations on the face of the

Complaint, the amount in controversy exceeds $75,000.00. Indeed, if it were a close

call, Plaintiff could have selected the prior selection option, "$75,001.00 to

$100,000.00." Instead, Plaintiff selected on his own volition the highest possible

---

[3] While the question indicates the "estimated amount of the claim is requested for data collection and clerical processing purposes only," and the "amount of the claim shall not be used for any other purpose," it strains reason to suggest that Plaintiff's choice of "over $100,000.00 does not accurately reflect its representation of the value of its claim, and hence, the minimum amount in controversy.

option, indicating that his claim has a minimum value of $100,000.00, and up to, essentially, infinity.

13.    The amount in controversy is not a statement of how much a plaintiff is likely to recover, nor proof of the amount the plaintiff *will* recover. *Gauthier v. Target Corp.*, No. 3:17-cv-1188-J-32MCR, 2018 U.S. Dist. LEXIS 11075, at *3 (M.D. Fla. Jan. 24, 2018).  Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("at the jurisdictional stage, the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.") (internal quotations omitted).

14.    A statement of the amount in controversy in a Notice of Removal should be accepted when not contested by the parties or questioned by the Court. "In other words, all that is required is a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. That is the end of the matter, unless the plaintiff contests, or the court questions, the defendant's allegation." *Dudley*, at 912.

15.    In the instant case, the papers executed by the Plaintiff via his counsel, together with a reasonable interpretation of the nature of Plaintiff's allegations and claimed damages on the face of the Complaint, demonstrate that Plaintiff seeks an

amount that exceeds the sum of $75,000.00.

16. Given the nature of Plaintiff's allegations, and particularly because the Complaint contains no limit on the damages sought, there can be no doubt that Plaintiff seeks damages in excess of $75,000. Accordingly, the amount in controversy for removal under 28 U.S.C. § 1332, has been satisfied.

**D. There is Complete Diversity Among the Parties**

17. Plaintiff's Complaint omits a specific reference about his residency or citizenship. However, upon information and belief, at the time of the incident that made the basis of this case, as well as at the present time, Plaintiff has been and is a citizen of the State of Florida, and a resident of Polk County, Florida. At the time of the incident, Plaintiff was working as a mechanic at Love's Tire and Service Center, Inc., located at 1701 Hwy. 60 East, Valrico, Florida, 33594. *See* Compl. ¶ 7.

18. VWGoA is a New Jersey corporation with its principal place of business in Herndon, Virginia.

19. Volkswagen AG is a foreign corporation organized under the laws of the Germany, with its principal place of business located in Wolfsburg, Lower Saxony, Germany.

20. Because Plaintiff is a citizen of Florida, and both Defendants are citizens of different states other than Florida, complete diversity exists under 28

U.S.C. § 1332.

**E. All Prerequisites for Removal Have Been Satisfied**

21.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel.

22.    Concurrent with the service of this Notice of Removal, VWGoA will file and serve a Notice of Filing the Notice of Removal, including a true and correct copy of the Notice of Removal and all applicable exhibits thereto, with the Clerk of the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (*See* **Exhibit "C" attached hereto, without exhibits.**)

23.    The undersigned counsel is licensed in the State of Florida, is a member in good standing of the Bar of this Court and is authorized by VWGoA to file this Notice of Removal.

### III.    <u>CONCLUSION</u>

24.    Because complete diversity between all parties to this action exists, and because the amount in controversy exceeds the sum of $75,000, removal to this Court is proper.  Therefore, the Court should exercise its diversity jurisdiction over the causes of action brought by virtue of Plaintiff's Complaint, pursuant to 28 U.S.C. §§ 1332 and 1441.

WHEREFORE, Defendant, Volkswagen Group of America, respectfully

removes this action from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, and requests that this Court assume jurisdiction over the cause herein as provided by law.

Date: May 15, 2023                    Respectfully submitted,


                                      */s/ Francis M. McDonald, Jr.*
                                      FRANCIS M. MCDONALD, JR., ESQ.
                                      Florida Bar No. 0327093
                                      SARAH A. LONG, ESQ.
                                      Florida Bar No. 0080543
                                      JACKLYN SIGNORELLI, ESQ.
                                      Florida Bar No. 1041181
                                      MCDONALD TOOLE WIGGINS, P.A.
                                      111 N. Magnolia Avenue, Suite 1200
                                      Orlando, FL 32801
                                      Telephone: (407) 246-1800
                                      Facsimile: (407) 246-1895
                                      Primary Email:
                                      CadizvVolkswagenGroupofAmericaInc@mt
                                      wlegal.com
                                      Secondary Email:
                                      fmcdonald@mtwlegal.com;
                                      slong@mtwlegal.com
                                      *Attorneys for Defendant, Volkswagen Group*
                                      *of America, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notification of such filing to:

Alan F. Wagner, Esq., Wagner McLaughlin, 601 Bayshore Boulevard Suite 910, Tampa, FL 33606; AlanWagner@WagnerLaw.com; Angela@WagnerLaw.com. (*Attorneys for Plaintiff*).

/s/ Francis M. McDonald, Jr.
FRANCIS M. MCDONALD, JR., ESQ.
Florida Bar No. 0327093
SARAH A. LONG, ESQ.
Florida Bar No. 0080543
JACKLYN SIGNORELLI, ESQ.
Florida Bar No. 1041181
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Email:
CadizvVolkswagenGroupofAmericaInc@mtwlegal.com
Secondary Email:
fmcdonald@mtwlegal.com;
slong@mtwlegal.com
*Attorneys for Defendant, Volkswagen Group of America, Inc.*